UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARBEN ALIA, | ) | CASE NO.1:11CR0207 |
| | ) | 1:13CV1056 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #95). Petitioner contends that his counsel provided ineffective assistance. The Government filed a Response in Opposition to Petitioner's Motion (ECF#105). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

On May 11, 2011, an indictment was filed charging Petitioner and other individuals with several fraud related offenses, all of which were related to the collapse

1

of St. Paul Croatian Federal Credit Union.  Petitioner was charged with Financial Institution Fraud, Giving Commissions or Gifts for Procuring Loans, and Money Laundering.  On February 28, 2012, Petitioner executed a written Plea Agreement and pleaded guilty to eight counts.  Petitioner was sentenced on August 7, 2012 to 108 months imprisonment, to be followed by three years of Supervised Release.  He was further ordered to pay a special assessment of $800.00, and to pay restitution, jointly and severally, in the amount of $3,257,893.00.  Petitioner had also agreed to forfeit certain property and the forfeiture was ordered by the Court.

On May 9, 2013, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence asserting one ground for relief: ineffective assistance of counsel.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '"  *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Petitioner contends that he was denied effective assistance of counsel. To make an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland,* the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In this case, Petitioner claims that his plea was not made voluntarily and with a full understanding of the consequences because of his inability to understand the English language and misrepresentations made by his attorney. Petitioner claims that his attorney provided ineffective assistance of counsel when he told him to sign a Plea Agreement that he did not understand, failed to explain the Sentencing Guidelines and the potential sentencing range, and failed to properly address the calculated loss amount and his role in the offense.

It was clear to the Court at the hearings and after having reviewed the hearing

3

transcripts in this case that Petitioner understands English, is fluent in English, and was able to communicate clearly with the Court at all times. While under oath during the change of plea hearing, Petitioner indicated to the Court that he understood everything that had happened in his case so far, that he had sufficient time to review the Plea Agreement with his attorney, and that he was satisfied with his attorney.

When questioned by the Court, Petitioner answered affirmatively that he (1) understood the maximum penalties; (2) knew he was likely to be deported; (3) understood the charges and the elements of the offenses; (4) discussed the Sentencing Guidelines range with his attorney and understood the total offense level before acceptance of responsibility and role in the offense; (5) agreed to make an objection regarding any perceived errors in the Presentence Report; (6) agreed with the factual allegations contained in the Plea Agreement; (7) understood he would be ordered to pay $3,257,893 in restitution; (8) agreed to and understood the terms of the Plea Agreement; and (9) was voluntarily pleading guilty.

All of Petitioner's court proceedings were conducted in English. Petitioner never requested an interpreter. Petitioner now claims that his plea was not made voluntarily and with a full understanding of the consequences because of his inability to understand the English language. The Court finds that the record in this case does not support this assertion. The Court repeatedly asked Petitioner if he understood the proceedings or if he had any questions. Petitioner never raised any issue regarding his ability to understand English. Petitioner's statements to the Court "carry a strong presumption of verity." *United States v. Hess*, 978 F.2d 1260, *5 (6th Cir. 1992), 1992 WL 322381 (unpublished) (citing

*Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). Indeed, "[a] defendant's statements at a plea hearing should be regarded as conclusive [as to the truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Goodloe*, 393 Fed. Appx. 250, 255 (6th Cir. 2010) (quoting *United States v. Owens*, 215 Fed. Appx. 498, 502 (6th Cir. 2007)) (alteration in original).

The Court asked Petitioner if he wanted to say anything before pronouncing the sentence. Petitioner responded in fluent English, as he did at all the proceedings, that he had remorse for his actions. Petitioner acknowledged that he reviewed the Presentence Report with his attorney and that he had no questions. Previously, at the plea hearing, Petitioner told the Court that he discussed the Sentencing Guidelines with his attorney and understood the total offense level before acceptance of responsibility and role in the offense. Petitioner now claims his counsel was ineffective for not properly addressing the loss amount and role in the offense at the sentencing hearing. The Court finds that this argument also lacks merit.

Petitioner's attorney filed a thorough Sentencing Memorandum. His attorney vigorously argued for three-level increase for role in the offense, but the Court ultimately determined the four-level increase was warranted. Petitioner was also given a three-level reduction for acceptance of responsibility. The Government points out that for purposes of a Section 2255 motion, "[t]he requirement that counsel be effective is not a result-oriented standard. Counsel is required to be competent, but not necessarily victorious*". Wiley v. Sowders*, 647 F.2d 642, 648 (6th Cir. 1981) (citing *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974)). The fact that counsel's arguments for a three-level role enhancement were unsuccessful does not mean that counsel was

5

ineffective.

The Court does not find Petitioner's assertions to be credible. Petitioner argues that he did not understand any of the proceedings against him until he arrived at prison. However, based on the record in this case, the Court finds that Petitioner has not shown that his attorney was ineffective. Counsel was more than effective, as his efforts saved Petitioner from serving an additional one to three years of imprisonment. The Court expressed its initial intent to sentence Petitioner to 120-150 months, but was swayed by counsel's persuasive argument. Petitioner has not demonstrated that his counsel's representation was objectively unreasonable. This Court finds Petitioner has not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984).

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under  2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

July 22, 2013　　　　　　　　　　s/Christopher A. Boyko
Date　　　　　　　　　　　　　　CHRISTOPHER A. BOYKO
　　　　　　　　　　　　　　　　United States District Judge